Although I concur with the majority's disposition of assignments of error I-IV, I respectfully dissent from the majority's decision to sustain assignment of error V and would affirm the trial court's order in its entirety.
The majority finds that the BZA erred as a matter of law in denying the appellants' objections to the application for a building permit because there was insufficient evidence regarding the issue of potential impairment of the value and/or use of neighboring properties.
I am more hesitant than is the majority to substitute this court's judgment as to the adequacy of the expert reports presented to the BZA. The members of the BZA obviously believed that they had sufficient information, based on the expert reports submitted by the parties, to make a decision as to the potential failure of the slope which abuts the appellees property. To conclude that the Board's decision was an abuse of discretion fails to accord the proper level of deference to the BZA's decision and constitutes an unwarranted expansion of this court's limited scope of review of the judgment of the trial court. See Henley v. Rd. ofZoning Appeals (2000), 90 Ohio St.3d 142.
As noted by the majority, the expert report submitted by the appellants did address the issue of the stability of the slope and included several recommendations to prevent erosion of the slope. This information was obviously accepted by the BZA and taken into consideration in making its final determination, as was its province. Despite their assertion to the contrary, the majority is indeed failing to properly defer to the BZA's decision regarding a factual dispute.
Thus, because I do not believe that the BZA abused its discretion in denying appellant's objections based on the information provided by the parties' respective experts, I would affirm the decision of the trial court.